No. 19,519.

ANDREW GREISINGER, *Appellee,* v. J. W. NEIGHBOR and OMA J. NEIGHBOR, *Appellants.*

SYLLABUS BY THE COURT.

1. WARRANTY DEED—*Vendee Need Not Record Promptly.* The vendee of real estate who receives a general warranty deed rests under no duty to the vendor to record the deed promptly.

2. TRIAL—*No Error in Record.* Various assignments of trial errors examined and held to be without merit under well-understood rules of practice.

Appeal from Harper district court; PRESTON B. GILLETT, judge. Opinion filed November 6, 1915. Affirmed.

*George E. McMahon,* of Anthony, for the appellants.

*Andrew G. Washbon,* of Harper, *T. A. Noftzger,* of Wichita, and *Vernon Day,* of Anthony, for the appellee.

The opinion of the court was delivered by

BURCH, J.: J. W. Neighbor and his wife, Oma J. Neighbor, conveyed by general warranty deed to Andrew Greisinger a tract of land in Kiowa county, Oklahoma, in exchange for real and personal property in Harper county, Kansas. Greisinger's deed was made to Oma J. Neighbor. Greisinger's agent forwarded his deed to the register of deeds of Kiowa county, Oklahoma, for record at once, but the register of deeds withheld it from record until the recording fee was received. Meantime one Harris attached the land conveyed by the deed for a debt of J. W. Neighbor's. Greisinger intervened, defended against the attachment, and was defeated. In order to prevent a sale of the land Greisinger was obliged to pay the attachment lien, and incurred expenses in resisting the attachment suit. Pending the attachment suit an attempt was made to settle it, resulting in a contract whereby Greisinger was to receive a mortgage on land in Alfalfa county, Oklahoma, the title to which was held by Oma J. Neighbor. The present action was originally brought to compel performance of this contract and for other relief, but by amended and supplemental pleadings it was converted into a simple action for damages incurred in protecting the title to the Oklahoma land. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

The defendants say the plaintiff assumed inconsistent attitudes in the Oklahoma suit and in this action. It would not be very material if he had done so. However, in the Oklahoma court the plaintiff was compelled to take the part of his grantors in order to try to save the land. In this action he was compelled to protect himself against the conduct and default of his grantors. The situation was not of the plaintiff's creation or choosing, and his efforts to avoid loss on account of the embarrassment occasioned him were not incompatible in any legal or other aspect.

It is said the intervention of the plaintiff in the Oklahoma suit was a "frame up" and a "sham battle." There is no evidence whatever in the record to this effect.

It is said the plaintiff was negligent in not sending the recording fee with his deed to the register of deeds of Kiowa

county, Oklahoma, that if he had done this the Oklahoma attachment would have been forestalled, and consequently the plaintiff is responsible for the outlay necessary to contest and satisfy the attachment lien.   The plaintiff pursued a very common business course and was not negligent because he owed the defendants no legal duty to record the deed promptly.   He had a warranty against deprivation of title through the assertion of lawful claims against the defendants and was not obliged to suspect the imminence of an attachment proceeding.

The Oklahoma law under which the attachment was adjudged to be valid against the plaintiff was pleaded and abundantly proved in the usual way, and counsel do not now contend that a reversal of the judgment in the attachment suit could have been obtained by taking an appeal.

Complaint is made because the court submitted to the jury the single question of the amount the plaintiff should recover for attorney fees and expenses incurred in defending the Oklahoma suit.   The defendants had no defense whatever to the present suit and introduced no evidence.   There was no dispute concerning any material fact relating to the Oklahoma litigation.   The amount paid to prevent a sale of the land was not disputed, and there was nothing left for a jury to determine except the amount of the plaintiff's attorney fees and expenses.

The plaintiff caused an attachment to issue against the property which he had conveyed to Oma J. Neighbor and against certain personal property of J. W. Neighbor.   These attachments were sustained.   The journal entry of judgment, which seems not to have had the approval of the trial judge, reads as follows:

"It is therefore by the court
"Considered, ordered, adjudged and decreed that said plaintiff, Andrew Griesinger, have and recover of and from said defendants, J. W. Neighbor and Oma J. Neighbor, the sum of nineteen hundred forty-five ($1,945.00) dollars; that the attachment heretofore levied in this action" etc.

While the record does not show that the instruments were introduced in evidence, the defendants do not now claim that Oma J. Neighbor did not sign the deed to the Oklahoma land and did not receive the plaintiff's deed to the Kansas land, and she had nothing to offer in her pleading or in the trial which

would defeat her apparent liability. The plaintiff, however, did not pray for a personal judgment against Oma J. Neighbor and the court in its instructions to the jury stated the plaintiff's claim for damages as one against J. W. Neighbor. Under these circumstances the journal entry should be interpreted as stating a personal judgment against J. W. Neighbor alone and judgment against both defendants for an appropriation of property. Should Oma J. Neighbor desire the record may be corrected.

The jury were properly instructed with reference to the issue submitted to them, and none of the special questions submitted by the defendants and excluded by the court related to that issue.

The judgment of the district court is affirmed.